UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN IVIE on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KRAFT FOODS GLOBAL, INC., CADBURY ADAMS USA LLC, and BACK TO NATURE FOOD COMPANY,<br><br>Defendants. | Case No. C-12-02554-RMW<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>[Re Docket No. 77] |

Plaintiff Susan Ivie brings claims on her own behalf and on behalf of a purported class of consumers against Kraft Foods Global, Inc., Cadbury Adams USA LLC, and Back to Nature Food Company (collectively, "defendants"), for their allegedly misbranded food products. Plaintiff's First Amended Complaint (FAC) included claims for violation of California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and Consumers Legal Remedies Act ("CLRA"), and a claim for "Restitution Based on Unjust Enrichment/Quasi Contract." Dkt. No. 18 (FAC). The court dismissed with prejudice plaintiff's unjust enrichment claim as duplicative of the UCL, FAL, and CLRA claims. Dkt. No. 49 at 22-23. Plaintiff now moves for leave to file a motion for reconsideration of the court's order dismissing the unjust enrichment claim. Dkt. No. 77; Civil L. R. 7-9. For the reasons explained below, the court DENIES the motion for leave.

# I. Analysis

## A. Standard on Motion for Reconsideration

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

Plaintiff bases her motion for reconsideration on a material change in law. Civ. L. R. 7-9(b)(1); Dkt. No.77 at 1. Plaintiff argues that (1) the Ninth Circuit has ruled that unjust enrichment is a "standalone cause of action in California" and (2) the remedy of disgorgement, which is not available under the UCL, FAL, or CLRA, is available under an unjust enrichment claim, making unjust enrichment non-duplicative.

## B. *Berger* and *Ohno* Are Not Dispositive Given the Stated Basis For Dismissing Plaintiff's Unjust Enrichment Claim

Plaintiff's first argument is that two new cases, *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061 (9th Cir. 2014) and *Ohno v. Yasuma*, 723 F.3d 984 (9th Cir. 2013), establish that unjust enrichment is a cause of action under California law. Dkt. No. 77 at 2-3. This change in law is not dispositive given the court's prior order, which dismissed the unjust enrichment claim as "superfluous" and "merely duplicative" of plaintiff's UCL, FAL, and CLRA claims. Dkt. No. 49 at 22-23. The court did not base its dismissal on the viability of an unjust enrichment cause of action, and the court's dismissal is not in conflict with *Berger* or *Ohno*.

## C. Plaintiff Cannot Recover Disgorgement Under An Unjust Enrichment Claim In This Case

Plaintiff's next argument is that the unjust enrichment claim is not duplicative of her UCL, FAL, and CLRA claims because the remedy of "nonrestitutionary disgorgement" is available under an unjust enrichment claim, and not under the UCL, FAL, and CLRA claims. Dkt. No. 77 at 4-6, citing *Am. Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1482 (2014), *as*

*modified* (May 27, 2014) (*"Idanta"*) and *Meister v. Mensinger*, 230 Cal. App. 4th 381, 399 (2014), *reh'g denied* (Oct. 30, 2014).[1]

First, the court agrees that nonrestitutionary disgorgement is not a remedy under the UCL, FAL, or CLRA. *See* Dkt. No. 77 at 4-5 n.3 (collecting cases).

Nonetheless, the unjust enrichment claim is duplicative because "nonrestitutionary disgorgement" is not available in this case. It is clear that plaintiff is requesting as "nonrestitutionary disgorgement" a full refund of the purchase price. Dkt. No. 77 at 4-5 (explaining that a full refund is not available under the UCL, and would constitute nonrestitutionary disgorgement). There is no support in the cases cited by plaintiff for awarding the full purchase price, or any amount greater than the profit attributable to the mislabeling. Both cases cited by plaintiff recognize this, noting that "[t]ypically, the defendant's benefit and the plaintiff's loss are the same, and restitution requires the defendant to restore the plaintiff to his or her original position." *Idanta*, 225 Cal. App. 4th at 1482; *Meister*, 230 Cal. App. 4th at 398 (both quoting *County of San Bernardino v. Walsh*, 158 Cal. App. 4th 533, 542 (2007)). It is only where the plaintiff's loss and defendant's gain do not match where disgorgement of profits would be appropriate.

The analysis in both *Idanta* and *Meister* relies heavily on the Restatement (Third) of Restitution and Unjust Enrichment § 51. Section 51(4) explains that "[t]he object of restitution . . . is to eliminate profit from wrongdoing while avoiding, so far as possible, the imposition of a penalty." Accordingly, much of the section discusses how to apportion and isolate the amount of net profit resulting from the defendant's unlawful conduct. Here, it is clear that the amount of plaintiff's damage and the amount of defendants' benefit as a result of the mislabeling are the same. There is no reason to go beyond the price premium, and doing so would result in a windfall to plaintiff.

*Idanta* and *Meister* both support the court's original conclusion: plaintiffs may only recover restitutionary damages, which would be the price premium attributable to the offending labels, and no more. Because such a remedy is available under the UCL, FAL, and CLRA, the unjust

---

[1] Neither *Idanta* nor *Meister* relates to false advertising or misrepresentations; both involve the breach of fiduciary duties.

ORDER DENYING RECONSIDERATION
Case No. C-12-02554-RMW
LRM

- 3 -

1   enrichment claim was duplicative and properly dismissed. *Brazil v. Dole Food Co.*, 935 F. Supp. 2d
2   947, 967 (N.D. Cal. 2013).

3   Because plaintiff cannot recover disgorgement, her argument that the unjust enrichment
4   claim would provide her with "an additional, cumulative avenue of recovery" is not persuasive. Dkt.
5   No. 77 at 7. Additionally, as defendants point out, plaintiff has not pointed to any change in the law
6   regarding the cumulative nature of unjust enrichment remedies. Dkt. No. 78 at 3. Finally, the court
7   also agrees with defendants that plaintiff's FAC does not actually include a claim for disgorgement.
8   Her unjust enrichment claim only requests restitution as a remedy. FAC at ¶¶ 299-302.

## II.  Order

For the reasons explained above, the court DENIES the motion for reconsideration.

Dated: January 14, 2015

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge